UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHARDE R. SIMMON, )<br>)<br>Defendant. ) | No.: 3:22-CR-20-KAC-JEM-8 |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PRETRIAL RELEASE ON CONDITIONS

Before the Court is Defendant's "Motion for Pretrial Release on Conditions" [Doc. 149]; the "Report and Recommendation" of Magistrate Judge Jill E. McCook [Doc. 203] (the "Report") related to Defendant's motion, and Defendant's "Objection to Report and Recommendation to Deny Motion to Revoke Detention Order" [Doc. 211]. Judge McCook's Report recommends that the undersigned deny Defendant's "Motion for Pretrial Release on Conditions" [Doc. 149]. Upon de novo review, the undersigned overrules Defendant's objection, adopts the Report, and denies Defendant's "Motion for Pretrial Release on Conditions" [Doc. 149] because Defendant is a danger to the community and no conditions or combination of conditions would mitigate that danger and reasonably assure the safety of the community.

### I. Background

On August 30, 2022, Judge McCook issued the Report, recommending Defendant's continued detention [Doc. 203 at 24]. Defendant filed an objection to the Report [Doc. 211]. Defendant "does not object [to] the summary of the applicable law in this matter, the summary of the proceedings in the Eastern District of Michigan, and the summary of the proceedings at the

evidentiary hearing on August 11, 2022 set out within" the Report [*Id.* at 3]. Rather, she objects only to "the ultimate finding in the . . . [Report] that she presents a danger to the community and that there are no conditions that would reasonably assure the safety of the community" [*Id*]. Thus, that "ultimate finding" is now before the undersigned.

II.    Analysis

If a person is ordered detained by a magistrate judge, that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the detention order. 28 U.S.C. § 3145(b). The district court must generally review the magistrate judge's detention order de novo and may do so without a hearing. *See United States v. Romans*, 2000 WL 658042 (6th Cir. May 9, 2000) (affirming district court's de novo review concluded without a hearing); *see also United States v. Williams*, 2020 WL 6866404 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo and without a hearing); *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release.").

The district court must determine defendant's detention status under the provisions of 18 U.S.C. § 3142. *See Romans* at *1. Under Section 3142(e)(1), a defendant shall be detained pending trial if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors to be considered in determining whether to detain a defendant pursuant to Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive,

2

or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *see also United States v. Webb*, 2000 WL 1721060, at *1 (6th Cir. Nov. 6, 2000) (affirming district court's application of the Section 3142(g) factors when conducting a de novo review of magistrate judge's order).

Moreover, under Section 3142(e)(2), it shall be presumed (subject to rebuttal) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the district court finds that there is probable cause to believe that the person committed certain enumerated offenses listed in Section 3142(e)(A)-(E). *See Webb* at *1 (affirming district court's de novo finding that the presumption applies). Here, it is undisputed that the presumption applies [Doc. 211 at 2]. To rebut the presumption, Defendant must come forward with some evidence that she does not pose a danger to the community or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence.") (citations omitted). Here, Defendant has presented the testimony of her mother and her brother, both of whom agree to be her third-party custodians [Doc. 203 at 18-19]. Defendant has also presented evidence that her mother has offered to employ Defendant upon release [*Id.*]. Therefore, Defendant has satisfied her burden of production. *See Stone*, 608 F.3d at 945. "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does

3

not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2010)).

Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a timely objection is made under Section 363(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("[a] district judge must consider de novo any objection to the magistrate judge's recommendation.").

Because Defendant objects only to the "ultimate [legal] finding" that detention is appropriate, not any of the facts underlying that conclusion, the Court does not engage in a de novo review of the agreed-to facts presented in the Report. *See Mira*, 806 F.2d at 637 ("28 U.S.C. § 636(b)(1) provides for de novo review of those portions of a magistrate's report or recommendations to which objections have been made by any party."). Nor is it necessary to repeat those agreed facts again here.

### A. Nature and Circumstances of the Offense Charged

The Court first considers the nature and circumstances of the charged offenses. 18 U.S.C. § 3142(g)(1). Defendant is charged, along with ten named codefendants, with conspiring to distribute 400 grams or more of fentanyl and 100 grams or more of p-flourofentanyl, an analogue of fentanyl, over a twenty-month period [Doc. 3 at 1-2]. Defendant is also charged with possessing with the intent to distribute more than 400 hundred grams of fentanyl, aided and abetted by others. [*Id.* at 2]. Finally, Defendant is charged with possessing firearms in furtherance of drug trafficking,

4

aided and abetted by others [*Id.* at 3]. The nature of these charges weighs heavily in favor of detention.

Fentanyl and its analogues are deadly drugs. As little as two milligrams of fentanyl can be lethal. *United States v. Marshall*, 2020 WL 5369038, at *3 (E.D. Mich. Sep. 8, 2020). More generally, Congress emphasized the dangerousness of possessing and conspiring to distribute a controlled substance by creating a rebuttable presumption of dangerousness to the community for people, like Defendant, charged with crimes under 21 U.S.C. 801 *et seq.* that are punishable by ten years imprisonment or more. 18 U.S.C. § 3142(e)(3)(A); *see Stone*, 608 F.3d at 945-46 ("[T]he presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial."). Possessing firearms in furtherance of fentanyl trafficking makes a deadly situation even more dangerous. Therefore, this factor weighs heavily in favor of detention.

**B. Weight of the Evidence of Defendant's Dangerousness**

The Court next considers the weight of the evidence of the Defendant's dangerousness. *See* 18 U.S.C. § 3142(g)(2); *Stone*, 608 F.3d at 948. Because Defendant involved herself in various criminal activities, the weight of her dangerousness is strong and reinforces the need for detention.

Defendant was a passenger in a vehicle that authorities stopped on November 10, 2021, following a suspected hand-to-hand drug transaction [Doc. 203 at 20]. The search of the vehicle yielded over 200 grams of fentanyl packaged for resale, over $4,000 in currency, and two firearms [*Id.*]. Defendant was arrested and charged with manufacturing, delivery, sale, or possession of Schedule I drugs and possession of unlawful drug paraphernalia. The fact that no drugs or firearms were found on her person is not abnormal, nor does it absolve her of potential liability for those drugs and firearms. *See Henderson v. United States*, 575 U.S. 622, 627 (2015) ("Constructive

5

possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over an object."). Thereafter on December 29, 2021, Defendant engaged in an afternoon-long effort to sell purported heroin to an FBI informant for over $1,000 [*Id*.]. Over the course of that afternoon, Defendant called the informant, confirmed he still wanted to purchase the drugs and the amount, and directed him to meet her and a co-defendant at several locations [*Id.* at 20-21]. While the informant was in the car, the informant overheard Defendant on a call that appeared to be related to another drug order [*Id.* at 21]. While the substance Defendant ultimately sold to the informant contained only "cut," not actual heroin, informant believed the was buying heroin and Defendant led him to so believe [*Id.*]. Defendant's willingness to engage in a purported heroin sale a month after her arrest for similar conduct solidifies her continued willingness to traffic drugs and her dangerousness. This factor weighs in favor of detention.

### C. History and Characteristics of Defendant

The Court also considers factors relating to the history and characteristics of the Defendant. 18 U.S.C. § 3142(g)(3). Defendant has presented evidence that she has two family members willing to serve as custodians if she is released and that her mother is willing to employ her upon release [Doc. 203 at 18-19]. Moreover, Defendant is in good physical health, intends to seek mental health treatment, has been a lifelong resident of Detroit, Michigan, and is no longer in a relationship with a co-defendant [Doc. 203 at 22-23]. These facts would support release. But other considerations, which favor detention, outweigh these facts. Specifically, Defendant was unemployed at the time of her arrest and had a sparse employment history leading up to that arrest [Doc. 203 at 22]. Defendant also admitted to frequent marijuana use [*Id.*]. Defendant has various arrests and convictions, including for uttering counterfeit notes, driving on a suspended license,

6

and malicious destruction of personal property [*Id.*]. Defendant has also violated probation and has failed to appear [*Id.*]. Defendant's failure to follow the terms of probation and failure to appear gives the Court specific concern about her dangerousness to the community. On balance, then, Defendant's history and characteristics favor detention.

### D. Nature and Seriousness of Danger Posed to Community by Defendant's Release

Finally, the Court considers the nature and seriousness of danger posed to the community by Defendant's release. 18 U.S.C. § 3142(g)(4). Defendant is alleged to have participated in a 20-months long conspiracy to traffic over 400 grams of fentanyl and 100 grams or more of a fentanyl analogue [Doc. 3]. After state authorities arrested and charged Defendant, she is alleged to have continued her trafficking efforts by arranging a purchase of alleged heroin for over $1,000 [Doc. 203 at 23]. Therefore, Defendant's own past conduct shows that she would pose a particular danger to the community related to continued drug trafficking if she were released. *See United States v. Hernandez*, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2022) ("[T]he risk of continued drug-trafficking while released on bail constitutes a significant danger to the community."). The community cannot be asked to bear this substantial risk. This factor thus weighs heavily in favor of detention.

### III. Conclusion

Based on the foregoing, Defendant is a danger to the community and no condition or combination of conditions would mitigate that danger and reasonably assure the safety of the community.

Accordingly, the Court **OVERRULES** Defendant's "Objection to Report and Recommendation to Deny Motion to Revoke Detention Order" [Doc. 211], **ADOPTS** the "Report

and Recommendation" of Magistrate Judge Jill E. McCook [Doc. 203], and **DENIES** Defendant's "Motion for Pretrial Release on Conditions" [Doc. 149].

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge